IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT MOORE,**
                      **Plaintiff,**

        **v.**                                CASE NO.  12-3204-SAC

**K-9 OFFICER RYAN SUMMER,**
**et al.,**

                      **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas.  However, Kansas Department of Corrections (KDOC) records indicate that plaintiff was transferred to the El Dorado Correctional Facililty (EDCF-RDU) on October 2, 2012.  Plaintiff is required to immediately notify the court in writing of any change of address.  Having considered the complaint, the court finds as follows.

<u>**FILING FEE**</u>

The statutory fee for filing a civil complaint in federal court is $350.00.  Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees.  This action may not proceed until plaintiff satisfies the filing fee in one of these two ways, and he is given time to do so.

Mr. Moore is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

Furthermore, § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Plaintiff must obtain this information from the finance office of each institution in which he was confined during the relevant time period.  Mr. Moore is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 and this Order within the time allotted, this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for his complaint, Mr. Moore alleges

---

[1]  Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

as follows. On December 14[2] he was "banging on a residence's door trying to wake someone up." When a police car pulled up, he started knocking. Defendant Corporal Ryan Summer opened the patrol car door and released a K-9 dog as plaintiff stood frozen with his hands up. The dog attacked plaintiff and damaged his arm. He complains that defendant Summer "put the dog on (him) for no lawful reason" and "without giving the bite command."

As Count I, plaintiff claims "excessive force." In support of this claim, he discusses events on December 1; however, it seems likely that this is an error. Plaintiff alleges that he got into a fight, "had a criminal damage," and "ran for the police." As is noted later herein, plaintiff committed the offense of criminal damage on December 14, 2010. The court thus assumes that all events of which Mr. Moore complains in his complaint occurred on December 14, 2010, unless he provides the court with a complete, different date as to any event. Plaintiff further alleges the following in support of this count. When Officers Evan Camerio, Ryan Summer, Scott Sliger and others pulled up he didn't resist, struggle, or show a weapon. The "dog was put on him." The K-9 was put on him "without command or a reason" and he "wasn't in the act of being a threat."

As Count II, plaintiff claims cruel and unusual punishment. In support, he alleges that he had a right to medical treatment. "[T]hey" told paramedics that he refused treatment when he wanted

---

[2]   Plaintiff does not provide the year in which these events took place.

and needed "it," and Scott Sliger "was the first one to deny" him medical treatment.

As Count III, plaintiff claims "mental anguish." In support he alleges "great physical and mental pain of arm and mind." He also alleges that his arm and "certain parts of the bone in (his) wrist" were damaged. This allegation is a statement of injury rather than a separate count.

Mr. Moore seeks damages of one million dollars.

## SCREENING

Because Mr. Moore is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)(citation omitted). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened all materials filed, the court finds that the complaint is subject to being dismissed for the following reasons.

**DEFENDANTS AND PERSONAL PARTICIPATION**

The only defendants named in the caption of the complaint are "K-9 Officer Ryan Summer" and the Lenexa Police Department. Rule 10(a) of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint. It is an elementary requirement that plaintiff set forth in the caption of the complaint the name of every person from whom he seeks to recover money damages. If a plaintiff does not properly designate all defendants as such

and provide the information required as to each, problems with notice and service are likely to arise.  Unless Mr. Moore files an Amended Complaint that properly names additional defendants, the complaint will continue to be construed as seeking relief against Summer and the LPD only.

In addition, the proper defendant in a civil rights action for money damages is a "person" acting under color of state law.  The LPD is not a person.  Nor does plaintiff allege that the acts of which he complains were caused by an established custom or policy of the LPD.  The LPD cannot be held liable on some sort of respondeat superior theory.  Accordingly, unless plaintiff alleges additional facts showing some legitimate basis for seeking money damages from the LPD, this action shall be dismissed as against the LPD.

**EXCESSIVE FORCE CLAIM**

Plaintiff claims that defendant Summer used excessive force. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest" or other seizure "should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The Tenth Circuit has discussed excessive force claims:

> The "inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to underlying intent or motivation."  Graham, 490 U.S. at

6

> 388, 109 S.Ct. 1865.  Reasonableness is evaluated under a totality of the circumstances approach which requires that we consider the following factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396, 109 S.Ct. 1865.  Additionally, "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Id.  That perspective includes an "examination of the information possessed by the [officers]."  Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

*Weigel v. Broad*, 544 F.3d 1143, 1151-52 (10th Cir. 2008).  The United States Supreme Court recognizes that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."  *Graham*, 490 U.S. at 397.  Consequently, "the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective."  *Saucier v. Katz*, 533 U.S. 194, 205 (2001).  The Tenth Circuit has explained that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Lundstrom v. Romero,* 616 F.3d 1108, 1126 (10th Cir. 2010)(quoting Graham, 490 U.S. at 396).  They have also held that the Fourth Amendment does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones."  *U.S. v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 1994).  In addition,

7

the Tenth Circuit has recognized that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Lundstrom*, 616 F.3d at 1126.  When determining whether an officer's conduct constitutes excessive force during the process of an arrest, a court assumes that the arrest was lawful.  *See Romero v. Story*, 672 F.3d 880, 890 (10th Cir. 2012)("Instead, the district court must then analyze the excessive force inquiry under the assumption the arrest was lawful.").  The issue that must be raised by plaintiff's allegations is whether defendant Summer acted as a "reasonable officer" when he released his police dog and directed it to apprehend plaintiff. *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005).

Plaintiff does not allege adequate facts to state a plausible claim of excessive force in that he alleges few if any facts as to the totality of circumstances surrounding his arrest on October 14, 2010.  He does not sufficiently describe his own behavior that led to his arrest, his actions before and during the use of force, and the outcome of his arrest.  He failed to reveal crucial facts including that he was arrested for several serious offenses, that he was tried, and the outcome of his trial.[3]  He did not even provide the year in which these events allegedly occurred or the location.

---

3   The court takes judicial notice of on-line records of the Kansas Department of Corrections regarding offenders within its custody and specifically its records regarding Mr. Moore.  These records show that Mr. Moore committed offenses on December 14 and 15, 2010, in Johnson County, Kansas, and was convicted on August 31, 2012, of Attempted Robbery, 3 counts of Burglary, 2 counts of Theft, 2 counts of Aggravated Burglary, and Criminal Damage to Property.

In sum, plaintiff's allegations that he was pounding and then knocking on a residential door to awaken someone but froze when a police dog was released and that his arm was damaged are not sufficient, without more, to show that defendant Summer's release of a police dog was in violation of the Fourth Amendment.

**CRUEL AND UNUSUAL PUNISHMENT CLAIM**

Plaintiff claims that defendant Summer, and other police officers who have not been named as defendants, told paramedics that he refused medical treatment when he actually wanted and needed treatment. If plaintiff intends to state a claim of denial of medical treatment under the Eighth Amendment, these sparse allegations are not sufficient. Plaintiff does not allege facts indicating that he was in the custody of defendant Summer, the only person named as a defendant, at the time he was denied medical attention. Nor does he explain why he did not seek medical attention on his own. Plaintiff also failed to provide other critical information regarding the circumstances of this alleged denial of treatment. For example, he does not sufficiently describe his injury as one that required on-the-spot medical attention, and he does not allege facts indicating defendant Summer was the person responsible for seeing that necessary medical treatment was made available. Moreover, a mere delay in providing medical treatment does not amount to a federal constitutional violation without a

9

showing of significant injury resulting from the delay. Furthermore, the Eighth Amendment cruel and unusual punishment clause applies to inmates, and not persons on the street. In order to state a plausible claim of cruel and unusual punishment, plaintiff must allege additional facts to show that he was denied necessary medical treatment by a named defendant while in custody.

Plaintiff is given time to allege additional facts that are sufficient to support his claims of excessive force and denial of medical treatment under the Eighth Amendment. If he fails to provide adequate facts within the time allotted, this action may be dismissed without further notice. Plaintiff may choose to respond to this Memorandum and Order by filing an Amended Complaint. If he does so, the Amended Complaint must be submitted upon forms provided by the court, and he must write "Amended Complaint" and the number of this case (12-3204) at the top of the first page. An Amended Complaint completely supersedes the original complaint, and the original complaint is no longer considered by the court. It follows that plaintiff must present all his claims and facts in support in his Amended Complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to satisfy the filing fee by either submitting the fee in full or a properly-supported motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period

plaintiff is required to allege additional facts that are sufficient to support his claims of excessive force and denial of medical treatment under the Eighth Amendment.

The clerk is directed to send plaintiff IFP and § 1983 forms and to note his transfer to the EDCF upon the court docket.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge