IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS

**ROBERT MOORE,**

                    **Plaintiff,**

            **v.**                        CASE NO.  12-3204-SAC

**K-9 OFFICER RYAN SUMMER,**
**et al.,**

                    **Defendants.**


                           **O R D E R**

     This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff claims that during the course of his arrest he was subjected to excessive force, injured, and denied immediate medical treatment.  The court screened the complaint and issued a Memorandum and Order finding that plaintiff had not satisfied the filing fee prerequisite and had failed to allege sufficient facts to state claims of excessive force and denial of medical treatment.  Plaintiff was given time to satisfy the fee and to allege additional facts to state a claim as well as cure other deficiencies.

     Plaintiff responded by filing a Motion to Proceed without Prepayment of Fees (Doc. 3) and Supplement to this motion (Doc. 5) as well as an Amended Complaint (Doc. 7).  The court is required by statute to screen the Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous,

                                1

fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint is illegible at times because he uses pencil and his small printing is not always decipherable. In addition, plaintiff has attached pages from his complaint to three pleadings that he has filed regarding leave to proceed without prepayment of fees, which makes those pleadings confusing as well. Plaintiff's allegations in his Amended Complaint appear to be as follows. On the night of December 14, 2010, he "was left in Desoto," Kansas and was "just trying to get home." He "started out trying to flag people down for help." A woman called the police. The police labeled plaintiff's behavior suspicious. By the time the police arrived, plaintiff "had been running to houses trying to get help." The police were looking for plaintiff "for all kinds of charges." The officers pulled up to an "unknown house" outside of which they had seen plaintiff. When they pulled up in front of the house plaintiff was standing in the yard. Defendant Summer jumped out and opened the back door to release a police dog. Defendant Ryan Summer "just let the dog on (him) without giving a bite command." As they were "approaching the house," plaintiff was knocking on the front door. The dog ran past plaintiff, and then defendant Summer called the dog back to him.

As the dog was going back to Summer, he saw plaintiff and started coming toward plaintiff. Plaintiff panicked and went to the front door and started kicking it. The dog attacked plaintiff, injured his arm, and "put (plaintiff) under arrest." When the officers got to plaintiff, he was not armed or acting as a threat and was standing frozen with his hands up. Plaintiff never "came in contact with an officer," never demanded anything from anyone, never hurt anyone, and never had a weapon or pulled a weapon on anyone.

Officers Scott Sliger and Evan Camario told other officers and paramedics who were at the scene that plaintiff refused treatment and took plaintiff to a squad car to pat him down. Plaintiff's "arm was bleeding everywhere" and he was screaming and saying they were lying. He was not provided with medical aid at the scene. The officers stuck plaintiff in the car and took him to the Johnson County Sheriff's Office for an hour, where he bled everywhere. He was then taken to the Gardner Detention Center where he was treated.[1]

In his Amended Complaint, plaintiff names as defendants

---

[1] Following this arrest, the State of Kansas charged Mr. Moore with ten counts, including 3 counts of Aggravated Burglary, Robbery, Bribery, Burglary of Motor Vehicle, Theft between $1000 and $25,000, Theft less than $1000, Battery, and Criminal Damage. After most of the counts were amended, Mr. Moore was found not guilty of 2 counts, and one was dismissed by the prosecution. He was convicted of Robbery, Burglary of a Dwelling, Theft between $1000 and $25,000, 2 counts of Aggravated Burglary, Criminal Damage, and Burglary of a Motor Vehicle. He was sentenced in Johnson County District Court on August 31, 2012, in Case No. 10 CR 3055 to 17 years and 6 months in prison.

3

Corporal Ryan Summer, K-9 Officer; Deputy Scott Sliger, and Deputy Evan Camario.[2] He seeks damages of $10,000 from each officer.

Plaintiff was informed in the court's prior order that the allegations made to support his claim of denial of medical treatment asserted under the Eighth Amendment were insufficient. He was specifically informed that in situations where treatment was delayed rather than denied altogether, the Tenth Circuit Court of Appeals requires that the inmate suffer "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). The court pointed out that plaintiff was not an inmate at the time of his alleged injury, did not sufficiently describe his injury, did not reveal for how long treatment had been delayed, and that the delay appeared to have been a few hours at most. Moreover, the court noted that plaintiff alleged no facts whatsoever to show "substantial harm" had resulted from the delay. Plaintiff has not cured these deficiencies in his Amended Complaint, and instead merely repeats his prior conclusory allegations that he was denied treatment. The court concludes that plaintiff has failed to allege sufficient facts to state a claim of denial of medical treatment under the Eighth

---

[2] In his original complaint, plaintiff also named the Lenexa Police Department, and it is assumed that the other defendants are employees of that police department.

4

Amendment.  Accordingly, this claim is dismissed and this action is dismissed as against defendants Sliger and Camerio.

In addition, plaintiff was previously informed that the Lenexa Police Department (LPD), who was named as a defendant in the original complaint, was not a proper defendant because it is not a "person" acting under color of state law and plaintiff did not allege that the acts of which he complains were caused by an established custom or policy of the LPD.  Plaintiff has not cured this deficiency in his complaint, and does not even name the LPD as a defendant in his Amended Complaint.  Accordingly, this action is dismissed as against the LPD.

Finally, the court finds that a responsive pleading is required as to plaintiff's claim that defendant Summer violated his rights under the Fourth Amendment by using excessive force during plaintiff's arrest.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 3) is granted, and he is hereby assessed the full filing fee of $350.00 to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time

the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff's claim of denial of medical treatment under the Eighth Amendment is dismissed for failure to state adequate facts in support; and that this action is dismissed and all relief is denied as against defendants Lenexa Police Department, Deputy Evan Camerio, and Deputy Scott Sliger.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant Corporal Ryan Summer K-9 Officer, Lenexa Police Department, by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, to the court's finance office, to defendant, and to the City Attorney for Lenexa, Kansas.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2014, at Topeka, Kansas.

                    **s/Sam A. Crow**
                    **U. S. Senior District Judge**